

FILED
CLERK, U.S. DISTRICT COURT

MAY – 7 2026

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YOLANDA IRIARTE -AVILA,<br><br>Defendant. | Case No.  26-MJ-2611 —4<br><br>ORDER OF DETENTION |

### I.

On May 7, 2026, Defendant Yolanda Iriarte-Avila, assisted by a Spanish language interpreter, made her initial appearance on the Criminal Complaint filed in this matter.  John Hanusz, a member of the CJA panel, specially appeared for Richard Tamor, a member of the CJA panel, who was appointed to represent

Defendant. The government was represented by Assistant United States Attorney Loren Border.   A detention hearing was held.

☒      On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒      On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

## II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

## III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community.  [18 U.S.C. § 3142(g)]  The Court also considered the information presented at the hearing, the arguments of counsel, and the report and recommendation prepared by U.S. Probation and Pretrial Services.

\\

\\

\\

## IV.

2

The Court bases its conclusions on the following:

As to risk of non-appearance:

⊠    Citizen of Mexico with family ties to Mexico, including Defendant's three children, father and two siblings

⊠    unrebutted presumption

As to danger to the community:

⊠    Defendant is alleged to be a major supplier of drugs to street level drug dealers in MacArthur Park and to be using her residence as a location to store methamphetamine and fentanyl.

⊠    At the time of her arrest, 19 kilograms of fentanyl were found at the residence where Defendant lived with her minor daughter. In addition, one kilogram of fentanyl was found in the vehicle Defendant drove a minor child who she cares for as a nanny, to school.

⊠    unrebutted presumption

## V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will

deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.  [18 U.S.C. § 3142(i)]

Dated: May 7, 2026

_____/s/_____

ALKA SAGAR

UNITED STATES MAGISTRATE JUDGE
